UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THEORY3, INC., a Florida
corporation,

            Plaintiff,

v.                                          Case No. 6:05-cv-45-Orl-28JGG

BUZTRONICS, INC., an Indiana
corporation; ELECTROSTAR, INC.,
a subsidiary of Buztronics, Inc.; and
EDWARD LEWIS, an individual,

            Defendants.

_____

## ANSWER AND DEFENSES

Defendants, Buztronics, Inc., Electrostar, Inc. and Edward D. Lewis for their

answer to the complaint of the Plaintiff Theory3, Inc. allege and state as follows:

### I. PARTIES, JURIDICTION AND VENUE

1.      Defendants admit the material averments contained in paragraph 1 of the

complaint.

2.      Defendants admit the material averments contained in paragraph 2 of the

complaint.

3.      Defendants admit the material averments contained in paragraph 3 of the

complaint.

4.      Defendants admit that Mr. Lewis owns the majority of the shares of stock in Buztronics and otherwise deny the material averments contained in paragraph 4 of the complaint.

5.      To the extent it contains factual representations as opposed to legal characterizations and assertions of law, Defendants deny the material averments contained in paragraph 5 of the complaint.

6.      Defendants admit that their promotion and sales activities are carried out through internet website advertisements and tradeshows throughout the United States but deny the remaining averments contained in paragraph 6 of the complaint.

## II. BACKGROUND

7.      Defendants deny the material averments contained in paragraph 7 of the complaint.

8.      Defendants lack information sufficient to form a belief as to truth and therefore deny the material averments contained in paragraph 8 of the complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the complaint and therefore deny the same.

10.     Defendants deny the material averments contained in paragraph 10 of the complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of the complaint.

12.     Defendants deny the material averments contained in paragraph 12 of the complaint.

13.     Defendants deny the material averments contained in paragraph 13 of the complaint.

14.     Defendants deny the material averments contained in paragraph 14 of the complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of the complaint.

16.     Defendants deny the material averments contained in paragraph 16 of the complaint.

17.     Defendants admit that on February, 2000, Buztronics, Inc. entered into a written agreement with Theory3 but deny the remaining material averments contained in paragraph 17 of the complaint.

18.     Defendants deny the material averments contained in paragraph 18 of the complaint.

19.     Defendants deny the material averments contained in paragraph 19 of the complaint.

20.     Defendants admit that Mr. Lewis owns the majority of the shares of stock in Buztronics and otherwise deny the material averments contained in paragraph 20 of the complaint.

21.     Defendants deny the material averments contained in paragraph 21 of the complaint.

22.     Defendants deny the material averments contained in paragraph 22 of the complaint.

23.     Defendants deny the material averments contained in paragraph 23 of the complaint.

24.     Defendants deny the material averments contained in paragraph 24 of the complaint.

25.     Defendants deny the material averments contained in paragraph 25 of the complaint.

26.     Defendants deny the material averments contained in paragraph 26 of the complaint.

27.     Defendants deny the material averments contained in paragraph 27 of the complaint.

28.     Defendants deny the material averments contained in paragraph 28 of the complaint.

29.     Defendants deny the material averments contained in paragraph 29 of the complaint.

30.     Defendants deny the material averments contained in paragraph 30 of the complaint.

31.     Defendants deny the material averments contained in paragraph 31 of the complaint.

32.     Defendants deny the material averments contained in paragraph 32 of the complaint.

33.     Defendants deny the material averments contained in paragraph 33 of the complaint.

34.     Defendants deny the material averments contained in paragraph 34 of the complaint.

35.     Defendants deny the material averments contained in paragraph 35 of the complaint.

36.     Defendants deny the material averments contained in paragraph 36 of the complaint.

37.     Defendants deny the material averments contained in paragraph 37 of the complaint.

38.     Defendants deny the material averments contained in paragraph 38 of the complaint.

39.     Defendants deny the material averments contained in paragraph 39 of the complaint.

40.     Defendants deny the material averments contained in paragraph 40 of the complaint.

41.     Defendants deny the material averments contained in paragraph 41 of the complaint.

42.     Defendants deny the material averments contained in paragraph 42 of the complaint.

43.     Defendants deny the material averments contained in paragraph 43 of the complaint.

44.     Defendants deny the material averments contained in paragraph 44 of the complaint.

45.     Defendants deny the material averments contained in paragraph 45 of the complaint.

46.     Defendants deny the material averments contained in paragraph 46 of the complaint.

47.     Defendants deny the material averments contained in paragraph 47 of the complaint.

48.     Defendants deny the material averments contained in paragraph 48 of the complaint.

## COUNT I
## PATENT INFRINGEMENT
## 35 U.S.C. § 271

49.     Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

50.     Defendants deny the material averments contained in paragraph 50 of the complaint.

51.     Defendants deny the material averments contained in paragraph 51 of the complaint.

52.     Defendants deny the material averments contained in paragraph 52 of the complaint.

53.     Defendants deny the material averments contained in paragraph 53 of the complaint.

54.     Defendants deny the material averments contained in paragraph 54 of the complaint.

## COUNT II
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501

55.     Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

56.     Defendants deny the material averments contained in paragraph 56 of the complaint.

57.     Defendants deny the material averments contained in paragraph 57 of the complaint.

58.     Defendants deny the material averments contained in paragraph 58 of the complaint.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 59 of the complaint and therefore deny the same.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 60 of the complaint and therefore deny the same.

61.     Defendants deny the material averments contained in paragraph 61 of the complaint.

62.     Defendants deny the material averments contained in paragraph 62 of the complaint.

63.     Defendants deny the material averments contained in paragraph 63 of the complaint.

64.     Defendants deny the material averments contained in paragraph 64 of the complaint.

65.     Defendants deny the material averments contained in paragraph 65 of the complaint.

66.     Defendants deny the material averments contained in paragraph 66 of the complaint.

67.     Defendants deny the material averments contained in paragraph 67 of the complaint.

**COUNT III**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)**

68.     Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

69.     Defendants deny the material averments contained in paragraph 69 of the complaint.

70.     Defendants deny the material averments contained in paragraph 70 of the complaint.

71.     Defendants deny the material averments contained in paragraph 71 of the complaint.

72.     Defendants deny the material averments contained in paragraph 72 of the complaint.

73.     Defendants deny the material averments contained in paragraph 73 of the complaint.

74.     Defendants deny the material averments contained in paragraph 74 of the complaint.

75.     Defendants deny the material averments contained in paragraph 75 of the complaint.

76.     Defendants deny the material averments contained in paragraph 76 of the complaint.

77.     Defendants deny the material averments contained in paragraph 77 of the complaint.

78.     Defendants deny the material averments contained in paragraph 78 of the complaint.

## COUNT IV
## TRADE DRESS INGRINGEMENT - PACKAGING
## VIOLATION OF 15 U.S.C. § 1125(a)

79.     Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

80.   Defendants deny the material averments contained in paragraph 80 of the complaint.

81.   Defendants deny the material averments contained in paragraph 81 of the complaint.

82.   Defendants deny the material averments contained in paragraph 82 of the complaint.

83.   Defendants deny the material averments contained in paragraph 83 of the complaint.

84.   Defendants deny the material averments contained in paragraph 84 of the complaint.

85.   Defendants deny the material averments contained in paragraph 85 of the complaint.

86.   Defendants deny the material averments contained in paragraph 86 of the complaint.

87.   Defendants deny the material averments contained in paragraph 87 of the complaint.

88.   Defendants deny the material averments contained in paragraph 88 of the complaint.

89.   Defendants deny the material averments contained in paragraph 89 of the complaint.

90.   Defendants deny the material averments contained in paragraph 90 of the complaint.

**COUNT V**
**ACTION UNDER CHAPTER 688, FLA. STATS., FOR**
**MISAPPROPRIATION OF TRADE SECRETS**

91.     Defendants deny the material averments contained in paragraph 91 of the complaint.

92.     Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

93.     Defendants deny the material averments contained in paragraph 93 of the complaint.

94.     Defendants deny the material averments contained in paragraph 94 of the complaint.

95.     Defendants deny the material averments contained in paragraph 95 of the complaint.

96.     Defendants deny the material averments contained in paragraph 96 of the complaint.

97.     Defendants deny the material averments contained in paragraph 97 of the complaint.

98.     Defendants deny the material averments contained in paragraph 98 of the complaint.

99.     Defendants deny the material averments contained in paragraph 99 of the complaint.

100.    Defendants deny the material averments contained in paragraph 100 of the complaint.

## COUNT VI
## <u>FLORIDA COMMON LAW UNFAIR COMPETITION</u>

101.   Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

102.   Defendants deny the material averments contained in paragraph 102 of the complaint.

103.   Defendants deny the material averments contained in paragraph 103 of the complaint.

104.   Defendants deny the material averments contained in paragraph 104 of the complaint.

105.   Defendants deny the material averments contained in paragraph 105 of the complaint.

106.   Defendants deny the material averments contained in paragraph 106 of the complaint.

107.   Defendants deny the material averments contained in paragraph 107 of the complaint.

108.   Defendants deny the material averments contained in paragraph 108 of the complaint.

## COUNT VIII
## <u>BREACH OF FIDUCIARY DUTY</u>
### (Against Buztronics and Edward Lewis)

109.   Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

110.    Defendants deny the material averments contained in paragraph 110 of the complaint.

111.    Defendants deny the material averments contained in paragraph 111 of the complaint.

112.    Defendants deny the material averments contained in paragraph 112 of the complaint.

113.    Defendants deny the material averments contained in paragraph 113 of the complaint.

114.    Defendants deny the material averments contained in paragraph 114 of the complaint.

115.    Defendants deny the material averments contained in paragraph 115 of the complaint.

116.    Defendants deny the material averments contained in paragraph 116 of the complaint.

**COUNT VII**
**BREACH OF CONFIDENTIALITY AGREEMENT**
**(Against Buztronics)**

117.    Defendants hereby incorporate by reference their responses to paragraphs 1 through 48 of the complaint.

118.    Defendants admit that on February 14, 2000, Buztronics signed an agreement with Theory3 but deny the remaining averments contained in paragraph 118 of the complaint.

119.    Defendants deny the material averments contained in paragraph 119 of the complaint.

120.    Defendants deny the material averments contained in paragraph 120 of the complaint.

121.    Defendants deny the material averments contained in paragraph 121 of the complaint.

122.    Defendants deny the material averments contained in paragraph 122 of the complaint.

123.    Defendants deny the material averments contained in paragraph 123 of the complaint.

## AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction over the subject matter.

2.    This Court lacks jurisdiction over Defendant Edward D. Lewis.

3.    Venue is improper in this Court.

4.    The subject matter of this action is the subject of a prior action pending before the United States District Court for the Southern District of Indiana.

5.    Plaintiff has failed to state a claim upon which relief can be granted.

6.    Plaintiff's claims are barred by laches, estoppel and unclean hands.

7.    One or more claims of United States Letters Patent No. 6,467,939 (the " '939 Patent") are invalid pursuant to 35 U.S.C. §103 because the claimed

invention would have been obvious to one skilled in the art at the time of the alleged invention.

8.      One or more claims of the '939 Patent are invalid pursuant to 35 U.S.C. §§102 and/or 103 in light of the prior art at the time of the alleged invention.

9.      One or more claims of the '939 Patent are invalid pursuant to 35 U.S.C. §112 for lack of enablement and failure to disclose the best mode of practicing the claimed invention.

10.     The relief sought by Plaintiff is barred by patent misuse and misuse of Plaintiff's other alleged intellectual property rights.

11.     The trade dress in which Plaintiff claims rights consists of functional elements.

12.     Plaintiff's alleged copyright and copyright registration are invalid for lack of originality and creativity.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of the Defendants and against the Plaintiff and that Defendants be awarded costs including attorneys' fees and for all other relief just and proper in the circumstances.

## RESERVATION OF RIGHT TO PLEAD COUNTERCLAIMS

Pursuant to Fed.R.Civ.P. 13(a), Defendants are not required to plead compulsory counterclaims where "at the time the action was commenced the claim was the subject of another pending action." Such claims have been previously asserted by Buztronics in Cause No. 1:04-CV-1485-DFH/VSS, pending before the United States District Court for

the Southern District of Indiana.  Nothing in this Answer should be construed as waiving,

superseding or in any other way relinquishing any of the claims asserted by Buztronics in

that prior action.

                                        Respectfully Submitted,

                                        Daniel C. Johnson
                                        Florida Bar No. 522880
                                        Email: djohn@carltonfields.com
                                        CARLTON FIELDS, P.A.
                                        P.O. Box 1171
                                        Orlando, Florida  32802
                                        (407) 849-0300
                                        Facsimile (407) 648-9099
                                        *Attorneys for Defendants*

Todd A. Richardson, Esquire
David W. Gray, Esquire
Lewis & Kappes, P.C.
1700 One American Square
Box 82053
Indianapolis, IN  46282-0003
(317) 639-1210
(317) 639-4882 (fax)
Dgray@lewis-kappes.com
Trichardson@lewis-kappes.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 2$^3$, 2005, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following:   Ava K. Doppelt, Esquire, Jeffrey Scott

Boyles, Esquire, Allen, Dyer, Doppelt, Milbrath & Gilchrist, 255 South Orange Avenue,

Suite 1401, Orlando, Florida 32801.

                                        _____
                                        Attorney

ORL#627384.1                            16